ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           :    **SEALED INDICTMENT**

    - v. -                         :    23 Cr.

OVIDIO GUZMAN LOPEZ,               :    **23 CRIM 042**
    a/k/a "Raton,"                 :

                 Defendant.      :

- - - - - - - - - - - - - - - - - - - X

## COUNT ONE
### (Continuing Criminal Enterprise)

The Grand Jury charges:

1. From at least in or about 2014, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, engaged in a continuing criminal enterprise (the "Continuing Criminal Enterprise"), in that GUZMAN LOPEZ knowingly and intentionally participated in a continuing series of violations of Title 21, United States Code, Chapter 13, Subchapters I and II, including, among others, the fentanyl importation

conspiracy charged in Count Two of this Indictment and the fentanyl trafficking conspiracy charged in Count Three of this Indictment, and other violations of Title 21, United States Code, Sections 841(a), 846, 848(e), 952(a), 959(a), 960, and 963, which violations were undertaken by GUZMAN LOPEZ in concert with five and more persons with respect to whom GUZMAN LOPEZ was one of several principal administrators, organizers, and leaders of the Continuing Criminal Enterprise, and where the violations involved at least 300 times the quantity of mixtures and substances containing a detectable amount of fentanyl described in Title 21, United States Code, Section 841(b)(1)(B), and resulted in the Continuing Criminal Enterprise receiving $10 million and more in gross receipts during a 12-month period of its existence for the manufacture, importation, and distribution of fentanyl.

(Title 21, United States Code, Sections 848(a), 848(b), and 848(c); and Title 18, United States Code, Sections 3238 and 2.)

## COUNT TWO
### (Fentanyl Importation Conspiracy)

The Grand Jury further charges:

2. From at least in or about 2014, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, OVIDIO GUZMAN LOPEZ, a/k/a "Raton,"

the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

3.   It was a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

4.   It was further a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

5.   It was further a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, would and did, on board an aircraft

registered in the United States, manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

6. The controlled substance that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, (ii) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, and (iii) manufacture, distribute, and possess with intent to distribute on board an aircraft registered in the United States, was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 960(b)(1)(F).

(Title 21, United States Code, Section 963; and
Title 18, United States Code, Section 3238.)

### COUNT THREE
### (Fentanyl Trafficking Conspiracy)

The Grand Jury further charges:

7. From at least in or about 2014, up to and including on or about the date of the filing of this Indictment, in the

Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

8. It was a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

9. The controlled substance that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, conspired to distribute and possess with intent to distribute was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846; and Title 18, United States Code, Section 3238.)

COUNT FOUR
(Possession of Machineguns and Destructive Devices)

The Grand Jury further charges:

10. From at least in or about 2014, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, and for which at least one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One, Two, and Three of this Indictment, knowingly used and carried firearms, and, in furtherance of such crimes, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

6

## COUNT FIVE
### (Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

11. From at least in or about 2014, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district of the United States, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

12. It was a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the offenses charged in Counts One, Two, and Three of this Indictment, knowingly use and carry firearms, and, in furtherance of such crimes, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of

Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

## COUNT SIX
### (Money Laundering Conspiracy)

The Grand Jury further charges:

13. From at least in or about 2014, up to and including on or about the date of the filing of this Indictment, in the Southern District of New York, Mexico, and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular State or district, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to commit money laundering offenses in violation of Title 18, United States Code, Section 1956.

14. It was a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of

specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

15.   It was further a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States

Code, Section 848, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

16. It was further a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

17. It was further a part and an object of the conspiracy that OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant,

and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit, (a) felonious narcotics offenses, in violation of Title 21, United States Code, (b) offenses against a foreign nation involving the manufacture, importation, sale, or distribution of a controlled substance (as such term is defined for the purposes of the Controlled Substances Act), and (c) any act or acts constituting a continuing criminal enterprise, as that term is defined in Title 21, United States Code, Section 848, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

   (Title 18, United States Code, Sections 1956(h), 1956(f), and 3238.)

11

**FORFEITURE ALLEGATIONS**

18. As a result of committing the offense alleged in Count One of this Indictment, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense, any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, and any and all interest in, claims against, and property and contractual rights affording a source of control over the continuing criminal enterprise described in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense.

19. As a result of committing the offenses alleged in Counts Two and Three of this Indictment, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said

offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

20. As a result of committing the firearms offenses charged in Counts Four and Five of this Indictment, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Four and Five of this Indictment.

21. As a result of committing the offense alleged in Count Six of this Indictment, OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

Substitute Assets Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of OVIDIO GUZMAN LOPEZ, a/k/a "Raton," the defendant:

    a. cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 and 970;
Title 18, United States Code, Sections 924 and 981; and
Title 28, United States Code, Section 2461(c).)

_____  
FOREPERSON  
1/25/23

_____  
DAMIAN WILLIAMS  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

OVIDIO GUZMAN LOPEZ,
a/k/a "Raton,"

Defendant.

SEALED INDICTMENT

23 Cr.

(21 U.S.C. §§ 846, 848, 963; and
18 U.S.C. §§ 924(c), 924(o), 1956(f),
1956(h), 3238, and 2.)

DAMIAN WILLIAMS
United States Attorney

Foreperson

*[signature]*
1/25/23

Sealed Indictment filed

1/25/23
NE

Wheel C

Soran L. Cave
USMJ